UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **CARMINE GREENE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | NO. 3:09CV510-PPS/CAN |
| ) | |
| **KENNETH R. WILL,** ) | |
| **VIM RECYCLING, INC.,** ) | |
| **K.C. INDUSTRIES, LLC, and** ) | |
| **SOIL SOLUTIONS  COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

In the latest round of this long-pending environmental matter, plaintiffs ask me to overturn Magistrate Judge Nuechterlein's denial of their motion for leave to amend the complaint.  A year ago, in September 2011, plaintiffs amended their complaint, converting it to a putative class action and adding as a defendant Soil Solutions Company, the new owner (or so plaintiffs thought) of the waste processing facility that is the target of this litigation.  The former owners of the facility, Defendants VIM Recycling, Inc. and K.C. Industries, LLC are in default, and defendant Kenneth Will (president of VIM and principal/member of K.C.) represents himself *pro se*.

In June, plaintiffs filed yet another motion to amend the operative First Amended Class Action Complaint in order to add two new parties, Soil Solutions of Elkhart, LLC and Chocolateyclare, Inc.  Evidently, Soil Solutions of Elkhart is in fact the new owner and operator of the waste processing facility, not current defendant Soil Solutions Company which is the parent company of Soil Solutions of Elkhart.  So it appears that plaintiffs inadvertently named the wrong corporate entity when it originally amended its complaint last September.  Soil Solutions

of Elkhart bought the assets of VIM Recycling in July 2011.  Importantly, Soil Solutions, the current defendant, did not oppose adding its subsidiary company (Soil Solutions of Elkhart) as a defendant in the case.

Proposed defendant Chocolateyclare is a horse of a different color.  It has no apparent connection to Soil Solutions other than being its landlord.  Chocolateyclare is reported to have become (upon transfer from K.C. Industries) the owner of the real property on which the facility is located.  As I just mentioned, it has leased the property to Soil Solutions of Elkhart on a 25-year lease.

After briefing and a hearing, Judge Nuechterlein denied the motion for leave to amend in an order issued August 6, 2012 [DE 145], finding that the proposed amendment would unduly prejudice the existing defendants and that plaintiffs would suffer no prejudice from denial of leave to amend.  My authority to hear this appeal of the magistrate judge's ruling, and the applicable standard of review, both derive from 28 U.S.C. §636(b)(1)(A), which provides that the referring district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Plaintiffs fail to persuade me that Judge Nuechterlein's careful consideration of the addition of defendant Chocolateyclare was clearly erroneous or contrary to law.  He applied the liberal standards for amendment prescribed by Fed.R.Civ.P. 15(a)(2), but nonetheless reasonably concluded that the amendment should not be permitted, given the combination of undue delay in seeking the amendment, undue prejudice to Soil Solutions at this juncture associated with the addition of a new defendant, and the lack of prejudice to plaintiffs from Chocolateyclare's absence from the case.  Having previously amended their complaint in order to add Soil Solutions

Company in September 2011, plaintiffs should have by then identified Chocolateyclare's role in and relevance to the dispute.  Chocolateyclare bought the property in July 2011 – two months prior to the first amended complaint being filed – and yet plaintiffs made no effort to verify who the owner was prior to filing the first amended complaint.  Then nine months went by before they sought to amend once again and name Chocolateyclare as a defendant.  But as Judge Nuechterlein found, the plaintiffs should have discovered the real owner of the property before filing the first amended complaint.  A simple title search would have revealed that information.  The addition of this new party who is a stranger to the litigation poses an unacceptable likelihood of significant further delay in these already-extended proceedings, particularly where Chocolateyclare is not shown to be a necessary defendant for full injunctive or legal relief on plaintiffs' claims.  In sum, Magistrate Judge Nuechterlein's decision not to allow the second amended complaint to go forward against Chocolateyclare is not clearly erroneous.

By contrast, I find that the addition of Soil Solutions of Elkhart should have been permitted.  Most importantly, there was no opposition to that aspect of the proffered second amended complaint.  Where parties are in agreement, courts should be reluctant to chart a different course without explaining a sound judicial basis for doing so.  In this context, the undisputed addition of claims against Soil Solutions of Elkhart falls within the interests of justice supported by Rule 15(a)(2)'s liberal amendment policy.  Second, the considerations that support the decision with respect to Chocolateyclare each militate in the opposite direction with respect to Soil Solutions of Elkhart.  The failure to have earlier identified the correct corporate Soil Solutions entity is more easily excused, and appears to have no prejudicial impact on the progress of the proceedings, where the existing defendant is the parent company of the defendant to be

added. [These factors likely also explain Soil Solutions' lack of opposition to this amendment.] The prejudice to plaintiffs from denial of leave to add the new defendant also appears to be significant, where that party is the entity that now owns and operates the facility whose operations are challenged by the lawsuit. For these reasons, I conclude that the failure to permit amendment to name Soil Solutions of Elkhart as a defendant was clearly erroneous.

**ACCORDINGLY:**

Plaintiffs' Rule 72(a) Objections to Magistrate Judge Nuechterlein's Order Denying Plaintiffs' Motion for Leave to Amend their First Amended Class Action Complaint [DE 146] are sustained in part and overruled in part. Within fourteen (14) days, plaintiffs may file a second amended complaint adding Soil Solutions of Elkhart, LLC as a defendant.

**SO ORDERED**.

ENTERED this 19th day of September, 2012.

    /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT