**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| CARMINE GREENE, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:09CV510-PPS |
| | ) | |
| KENNETH R. WILL, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**
**GRANTING PLAINTIFFS' RULE 54(d)(2) MOTION**
**FOR ATTORNEY'S FEES AND EXPENSES**

This matter comes before me on Plaintiffs' Motion for Attorney's Fees and Expenses

pursuant to Fed. R. Civ. P. 54(d)(2) against defaulted Defendants VIM Recycling, Inc., K.C.

Industries, LLC and Kenneth R. Will. Having considered Plaintiffs' motion and the

subsequent briefing on the issue, I now grant Plaintiffs' motion.

**I.     Procedural History**

This action was filed against Defendants Kenneth R. Will, VIM Recycling, Inc. and

K.C. Industries, LLC ("VIM Defendants"), under the federal Resource Conservation and

Recovery Act ("RCRA"), 42 U.S.C. §6901, *et. seq.,* and state common law for the VIM

Defendants' solid waste activities that caused or contributed to an imminent and

substantial endangerment including repeated fires, toxic smoke, dust, debris, and noxious

odors invading Plaintiffs' nearby homes and properties. A Plaintiff Class was certified

on April 16, 2013.

The Clerk entered a default against Defendants VIM Recycling and K.C. Industries for failing to obtain substitute counsel and defend. [DE 126.] Some time later, the Clerk likewise entered a default against Defendant Kenneth R. Will for failing to defend. [DE 162.] Plaintiffs moved for default judgment against all three VIM Defendants and I held a hearing on April 16, 2015 and ordered the parties to provide supplemental briefing on four related issues, which the parties have completed. On today's date in a separate order, I have granted default judgment against the VIM Defendants holding that Plaintiffs are entitled to an award of reasonable attorney's fees and costs.

## II. Authority for Award of Fees and Expenses

Plaintiffs seek a total of $263,250.00 in attorney's fees, for which they have submitted supporting documentation.

### A. RCRA's Attorney's Fee Provision

Relief available under the RCRA citizen suit provision includes an award of the "costs of litigation (including reasonable attorney and expert witness fees) to the prevailing or substantially prevailing party, whenever the court determines such an award is appropriate." §6972(e). Both the default judgment against the VIM defendants and the consent decree obtained against the other defendants represent relief obtained on the Class's claims "materially alter[ing] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff[s]." *Lefemine v. Wideman*, 133 S.Ct. 9, 11 (2012), quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). I am

2

certainly persuaded to exercise my discretion to award attorney's fees to Plaintiffs as the prevailing parties.

Contemplating the appropriate scope of the fee award, I consider that the same circumstances, conduct and harms underlie all the causes of action asserted in the Class members' complaint. That "common core of facts" and "related legal theories" resulted in counsel's time being "devoted generally to the litigation as a whole," warranting a fee award that does not treat the lawsuit as "a series of discrete claims" but instead focuses "on the significance of the overall relief obtained…in relation to the hours reasonably expended in the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). *See also Barrow v. Falck*, 977 F.2d 1100, 1104 (7th Cir. 1992). In light of the "'interrelated nature of the lawsuit as a whole,'" I am not required to attempt to divide counsel's time between the RCRA and state law claims, which "'would be an exercise in futility.'" *Munson v. Milwaukee Board of School Directors*, 969 F.2d 266, 272 (7th Cir. 1992), quoting *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 551 (7th Cir. 1986).

### B.    Fed. R. Civ. P. 23(h)

In class actions, under Federal Rule of Civil Procedure 23(h), the court is permitted to award "reasonable attorney's fees and nontaxable costs that are authorized by law." This subsection does not  create a separate ground for awarding fees, but clarifies that when fee awards are permitted in non-class-action suits, they are also permissible in class actions, and provides specific procedures for requesting such awards in the class action context. *See* Advisory Committee Notes to Fed. R. Civ. P. 23 (2003). Specifically, class

action plaintiffs must make a motion for a fee award under Fed R. Civ. P. 54(d), and both class members and the party from whom payment is sought may object to the proposed award. Fed R. Civ. P. 23(h)(1), (2).

In this case, the requisite legal basis for a fee award under Rule 23(h) is found in 42 U.S.C. § 6972(e), discussed above. Additionally, Plaintiffs have complied with the requirements of Rule 23(h): they have made the requisite motion under Rule 54(d), and have also submitted extensive documentation and additional briefing on the question of attorney's fees. Therefore, the requirements for a class action fee award have been met if the requested fees are reasonable.

### III.     Plaintiffs' Claimed Fees and Expenses

Under fee-shifting statutes such as RCRA, a reasonable fee award is calculated based on the "lodestar," which is the reasonable market rate for the attorney's services multiplied by the number of hours reasonably expended on the case. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), *Blum v. Stenson*, 465 U.S. 886, 895 (1984). This calculation is the "centerpiece" of determining a reasonable attorney's fee. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). "There is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

"Once the petitioning party provides evidence of the proposed fees' reasonableness, the burden shifts to the other party to demonstrate the award's unreasonableness." *Wachovia Sec., LLC v. Banco Panamericano, Inc.,* 674 F.3d 743, 759 (7th Cir. 2012). As detailed below, the Plaintiffs have submitted credible evidence that their fees are reasonable.

Much of the case law on determining appropriate fee awards relates to civil rights litigation, but the holdings in those cases can be applied to environmental citizen suits given the similar language of Attorney's fee provisions in both civil rights and environmental statutes and their shared goal of implementing "important federal policies." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 560 (1986). As our Supreme Court has observed, citizens perform an "important public service" by bringing actions to enforce federal environmental standards, just as they do in bringing actions to enforce constitutional rights, and the intent of an attorney's fee provision in both cases is for citizens to be compensated for performing this public service. *Id.* Further, the provisions of the civil rights and RCRA Attorney's fee provisions are "sufficiently analogous to use case law in interpreting either statute interchangeably." *Browder v. City of Moab*, 427 F.3d 717, 720 (10th Cir. 2005).

In a civil rights case, a reasonable fee is a "fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Accordingly, the prevailing market rate on which a reasonable fee is based is "the rate that lawyers of similar ability and experience in the community charge their paying clients for the type of work in question." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999). The same principle applies to public interest environmental litigation: a reasonable fee is one that could induce a capable attorney to undertake a meritorious environmental citizen suit. *See Pennsylvania*, 478 U.S. at 560.

Ordinarily, this reasonable fee would be determined based on the rate that the attorney charges to paying clients. But in this case, Plaintiffs' counsel works for a non-profit that provides its clients with *pro bono* legal services, and therefore the market rate must be determined by other means. An attorney's non-profit status does not, in any event, prevent recovery of attorney's fees at market rates. *Blum*, 465 U.S. at 895. Awarding market rates to lawyers providing *pro bono* representation ensures "that the value of the lawyer's gift inures to the favored cause, and not to the adversary in litigation." *Nat'l Rifle Ass'n v. Village of Oak Park*, 871 F. Supp. 2d 781, 787-88 (N.D. Ill. 2012), quoting *Barrow v. Falck*, 977 F.2d 1100, 1105 (7th Cir. 1992).

Applying these principles here, the proposed rate of $150 per hour is reasonable, indeed, given the complexity of this matter, it's a steal. Plaintiffs have submitted evidence showing that this rate is below the median hourly rate of $188 for practicing attorneys in "general litigation" as found by a 2007 survey of Indiana State Bar Association members, and it is also below what environmental litigators charge. In fact, an hourly rate of $150 was approved as reasonable by this Court in a RCRA case — 25 years ago. *United States v. Envtl. Waste Control, Inc.*, 737 F. Supp. 1485, 1499 (N.D. Ind. 1990).

Plaintiffs' lead attorney has practiced public interest environmental law exclusively since 2007, and is now the Senior Staff Attorney with Indiana's largest environmental advocacy organization. Plaintiffs have also submitted documentation showing that the overwhelming majority of attorney time spent on this case was spent by the lead attorney. The rate of $150 per hour is entirely reasonable in this case.

Once a reasonable hourly rate has been established, it is multiplied by the number of hours reasonably expended to arrive at the lodestar amount. *Hensley*, 461 U.S. at 433. Over the more than five years of this litigation, Class counsel has prepared at least 50 court filings including complex legal motions and briefs on a successful appeal and in support of class certification; answered discovery on behalf of the 140 initial Plaintiffs, which involved the review, organization, and production of tens of thousands of pages of documents and records; prepared for and attended at least ten court hearings and four all-day depositions; and negotiated a complex class action settlement. Furthermore, Class counsel expended considerable time simply keeping Class members informed about the case. Overall, Plaintiffs' lead counsel has estimated the total time she spent prosecuting this case on behalf of Plaintiffs at 1,755 hours, and has presented a spreadsheet detailing the time spent. [DE 216-1 at 4-7.] Having duly reviewed the information submitted, I find this expenditure of time to have been reasonable in view of the length and complexity of the case.

Plaintiffs' estimate is additionally reasonable and conservative in that it does not include time expended on the case prior to filing suit, even though such time is eligible for reimbursement. *See Kovacs v. United States*, 739 F.3d 1020, 1025 (7th Cir. 2014). It similarly does not include any of the time spent on the state litigation that ensued after this case was dismissed in 2011, even though the discovery and other work done for that state suit were crucial to the successful completion of this federal suit.

Multiplying this conservative estimate of 1,755 hours by the reasonable rate of $150 per hour results in a lodestar amount of $263,250.00. I find that this amount is reasonable in view of the considerations above. I also note that the total is less than 5% of the damages awarded in the default judgment, which further supports the reasonable and proportionate nature of the attorney's fees.

In addition to attorney's fees, costs related to litigation, such as printing, copying, transcripts, and travel, can be recovered under RCRA, so long as they were reasonable and necessary. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 946 (7th Cir.1997). Plaintiffs have submitted documentation of costs related to this litigation in the amount of $10,089.85, including court reporter fees, expert witness fees, and costs to subpoena records. [DE 216-1 at 9-10.] Having reviewed the submitted documentation, I find that Plaintiffs' claimed costs are reasonable and indeed conservative, in that many reasonable and necessary expenses, such as travel, copying, and postage, are omitted.

## IV.    Conclusion

Plaintiffs' requested attorney's fee award and costs are conservative, reasonable, and supported by applicable law. Plaintiffs' attorney's fee calculation applies an hourly rate below documented market levels to a number of hours that falls short of the time Class counsel could have billed in this case. The reasonableness of this award, and the specific supporting calculations, are firmly supported by Supreme Court and 7th Circuit precedent. Plaintiffs' reasonable litigation costs compensable under RCRA therefore consist of

attorney's fees in the amount of $263,250.00 and costs in the amount of $10,089.85, for a total of $273,339.85.

**ACCORDINGLY:**

Plaintiffs' Motion for Attorney's Fees and Expenses against the VIM Defendants [DE 216] is hereby GRANTED.

The Clerk shall include in the default judgment that Plaintiffs and Class Members are awarded litigation costs in the amount of $273,339.85 against defendants Kenneth R. Will, VIM Recycling, Inc., and K.C. Industries, LLC, jointly and severally.

**SO ORDERED.**

ENTERED this 24th day of November, 2015.

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT