UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARMINE GREENE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     CAUSE NO. 3:09-cv-510-PPS-MGG |
| | ) |
| KENNETH R. WILL, *et al.*, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| WESTFIELD INSURANCE COMPANY, | ) |
| | ) |
| Garnishee-Defendant. | ) |

**OPINION AND ORDER**

On July 18, 2016, Garnishee Defendant, Westfield Insurance Company ("Westfield"), filed its Motion for Leave to File Answer and Affirmative Defenses to Plaintiffs' Proceedings Supplemental to Execution, and Counterclaim/Cross-Claim for Declaratory Judgment ("Motion for Pleadings"). On July 27, 2016, Plaintiffs filed their response in opposition to Westfield's Motion for Pleadings. Westfield's motion became ripe on August 3, 2016, when it filed its reply brief. The Court discussed Westfield's motion with counsel for Plaintiffs and Westfield at a motion hearing on September 21, 2016. Defendants, VIM Recycling, Inc. ("VIM"), K.C. Industries, LLC ("KCI"), and Kenneth R. Will, all remaining unrepresented, neither responded to Westfield's motion nor appeared at the hearing. Accordingly, the Court assumes that Defendants do not oppose any part of Westfield's Motion for Pleadings.

Upon review of the briefs and oral argument, the Court now grants in part and denies in part Westfield's Motion for Pleadings for the reasons stated below.

## I.  RELEVANT BACKGROUND

Plaintiffs initiated this class action ("the instant action") under 42 U.S.C. § 9601, the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), with its original complaint on October 27, 2009.  On April 18, 2011, Westfield filed a separate complaint for declaratory judgment seeking a declaration that it owed no duty to defend or indemnify Will, VIM, and KCI against a state court lawsuit against them. [Cause No. 3:11-cv-159-JVB ("the '159 case" or "Westfield's 2011 Dec Action")].  In Westfield's 2011 Dec Action, this Court found that Westfield has no duty to defend or indemnify Will, VIM, or KCI against the state court lawsuit.  Doc. No. 31 in the '159 case.

On November 24, 2015, the Court then entered default judgment in the instant action against VIM and KCI for $50,568,750 and awarded litigation costs in the amount of $273,399.85 against Will, VIM, and KCI. [Doc. No. 226 & 227].  On May 23, 2016, Plaintiffs filed their Verified Motion for Proceedings Supplemental to Execution ("Motion for Pro Supp") that sought, among other things, to attach four insurance policies issued by Westfield to VIM, KCI, and Will. [Doc. No. 235].

After the Court set a pro supp hearing for August 30, 2016, Westfield filed the instant Motion for Pleadings based on its assertion that it has no duty under its policies to defend and indemnify VIM, KC, and Will against Plaintiffs' claims and that it is not liable under its policies to pay any of the judgments against VIM, KC, and Will.  In their response brief, and later at the motion hearing, Plaintiffs  indicated that they do not oppose Westfield's request to file an answer and affirmative defenses, but that they do object to Westfield's request to file the proposed counterclaim/cross-claim for declaratory judgment.

**III.     ANALYSIS**

Under Ind. Tr. R. 69(E), invoked by Fed. R. Civ. P. 69, a pro supp hearing or answers to interrogatories from a judgment debtor, other named parties defendant, or garnishees is typically all that is required to resolve a motion for proceedings supplemental.  However, the Indiana Supreme Court has held that "when a new issue arises in a proceeding supplemental, responsive pleadings are required."  *Rose v. Mercantile Nat'l Bank of Hammond*, 868 N.E.2d 772, 775 (Ind. 2007) (quoting *Am. Underwriters, Inc. v. Curtis*, 427 N.E.2d 438, 443 (Ind. 1981)).  Responsive pleadings may even be permitted when no new issue arises.  *Id.*  And if a court permits responsive pleadings, it "must then allow discovery and conduct a hearing, after which certain property shall be applied towards the judgment.  *Id.* (quoting Ind. Trial Rule 69(E)).  Parties may also move for summary judgment both for and against the proceeding supplemental based on claims in those responsive pleadings.  *See, e.g.*, *Rose*, 868 N.E.2d at 776–77; *Liberty Mut. Ins. Co. v. Metzler*, 586 N.E.2d 897 (Ind. Ct. App. 1992), *trans denied*; *Am. Family Mut. Ins. Co. v. Kivela*, 408 N.E.2d 805 (Ind. Ct. App. 1980); *Greene v. Am. Underwriters, Inc.*, 364 N.E.2d 1194 (Ind. Ct. App. 1977).  However, "[p]roceedings supplemental are appropriate only for actions to enforce and collect existing judgments, ***not*** to establish new ones."  *Rose*, 868 N.E.2d at 777. (emphasis added).

Here, Westfield seeks the Court's permission to file pleadings, including a counterclaim/cross-claim for declaratory judgment ("the counterclaim") as to whether it must indemnify Will, VIM, and KCI for the judgment against them in the instant action.  There is no question that Westfield should be allowed to file an answer and affirmative defenses because the issue of coverage has not been previously raised in this action and directly affects Plaintiffs'

3

efforts to collect on their judgment against Will, VIM, and KCI. Moreover, neither Plaintiffs nor Will, VIM, or KCI have objected to Westfield's request to file an answer and affirmative defenses. However, Westfield's proposed counterclaim presents a more difficult question.

In its proposed counterclaim, Westfield alleges eleven coverage issues that would preclude indemnification. Westfield's proposed answer and affirmative defenses present at least fifteen additional coverage issues. Out of fear that the eleven coverage issues included in its proposed counterclaim would be waived if not pled as a compulsory counterclaim under Fed. R. Civ. P. 13(a),Westfield wants to file the declaratory judgment counterclaim.

Plaintiffs oppose allowing the counterclaim contending that it is repetitious and unnecessary. Westfield, on the other hand, contends that the allegedly compulsory counterclaim is properly before the Court because it presents facts and legal theories not broached in the pending Motion for Pro Supp. Westfield argues that the Motion for Pro Supp and counterclaim would have to be mirror images to be sufficiently redundant to be disallowed here. The Court disagrees.

A court may dismiss a declaratory judgment action if it serves no useful purpose. *Cincinnati Specialty, Underwriters Ins. Co. v. DMH Holdings, LLC*, No. 3:11-CV-357, 2013 WL 683493, at *3 (N.D. Ind. Feb. 22, 2013). For instance, "a court may refuse to entertain a declaratory judgment action that merely seeks to determine issues already being litigated." *Lincoln Nat'l Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 WL 1660591, at *2 (N.D. Ind. June 9, 2006). Counterclaims for declaratory judgment are also redundant and unnecessary if they "merely restate[] an affirmative defense, or . . . seek[] the opposite effect of the complaint [and] should be stricken regardless of whether prejudice has been shown." *Id.*; *see also DMH*

4

*Holdings*, 2013 WL 683492, at *3 (citing *U.S. v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005)); *McGrath v. Everest Nat'l Ins. Co.*, No. 2:07 CV 34, 2009 WL 2508216, at *2 (N.D. Ind. Aug. 13, 2009) ("a counterclaim which merely raises identical issues as the complaint or restates an issue already before the court should be stricken"). Indeed, "where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves no useful purpose because the controversy has ripened and the uncertainty and anticipation of litigation are alleviated." *McGrath*, 2009 WL 2508216, at *2 (internal quotations omitted) (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987); *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002))

Westfield has interpreted this standard to mean that its counterclaim here must be identical to Plaintiffs' Motion for Pro Supp in order to be disallowed. In support, Westfield relies upon this Court's analysis in *DMH Holdings* where the Court struck a counterclaim as redundant. 2013 WL 683493, at *4. After reaching that conclusion, the Court stated that "[a] paragraph-by-paragraph comparison of the opposing declarations is illustrative." *Id.* The Court's analysis then reflects just such a comparison. *Id.* at *4–*5. Despite conducting the paragraph-by-paragraph comparison, the Court relies on the legal standard that a declaratory judgment claim should be stricken if it is repetitious. Nowhere does the Court suggest that the claim has to be identical or that a paragraph-by-paragraph analysis is required. Rather, the question of whether to strike the declaratory judgment claim in *DMH Holdings* was easily resolved by such a direct comparison. In essence, *DMH Holdings* stands for the proposition that a comparison may or may not be useful in determining if a claim is repetitious, but that a comparison was useful in resolving the question of repetitiousness in *DMH Holdings*. *Id.*

5

Westfield also relies on several district court cases outside this Circuit to support its contention that a counterclaim must be mirrored in the relevant opposing pleading in order for it to be stricken or disallowed. This Court is similarly unpersuaded. In *Handi-Craft Co. v. Travelers Cas. & Sur. Co. of Am.*, the court refused to dismiss a counterclaim because it found that there were not identical factual and legal issues in the competing complaint. No. 4:12CV63 JCH, 2012 WL 1432566, at *3 (E.D. Mo. Apr. 25, 2012). The court also reasoned that the counterclaim and complaint were not mirror images. *Id.* Like this Court's task in *DMH Holdings*, the court in *Handi-Craft* faced pleadings that were clearly not redundant regardless of any "mirror image" analysis. Similarly, Westfield's citations to *Kansas City African Mkt., Inc. v. Mount Vernon Fire Ins. Co.*, No. 12-1103-CV-W-FJG, 2012 WL 5904308 (W.D. Mo. Nov. 26, 2012), *Fid. Nat'l Title Ins. Co. v. Captiva Lake Investments, LLC*, 788 F. Supp. 2d 970 (E.D. Mo. 2011), and *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127 (E.D. Pa. 2007) do not establish a "mirror image" requirement. All three cases involve cases where the declaratory judgment claim based on coverage issues does not include the full range of claims by insureds in the opposing pleading. As such, they were not redundant pleadings regardless of whether they were exact "mirror images."

In this case, Plaintiffs' Motion for Pro Supp very concisely states its claim that Westfield's insurance policies issued to Will, VIM, and KCI require payment to them to cover their judgment. The goal of Westfield's counterclaim, on the other hand, is just to demonstrate that has no obligation to pay Plaintiffs for the judgment against Will, VIM, and KCI. The multitude of coverage issues that Westfield raises may all be relevant to that question, but they are not unique claims in and of themselves. More facts may emerge should discovery ensue.

Yet Westfield's mere ability to allege more specific facts and legal theories than Plaintiff at this early stage of the proceedings supplemental does not change the key question in both the Motion for Pro Supp and Westfield's counterclaim. And that question is simply whether Westfield is obligated to pay Plaintiffs anything, not whether Will, VIM, or KCI are covered for this judgment under their Westfield insurance policies. Therefore, the counterclaim is redundant and unwarranted in these proceedings supplemental.

The Court, however, recognizes Westfield's concerns about inadvertent waiver of the eleven coverage issues raised in its proposed counterclaim. Therefore, the Court will afford Westfield sufficient time to amend its proposed answer and affirmative defenses to ensure that its pleadings are complete.

### III. CONCLUSION

For the reasons stated above, the Court now **GRANTS IN PART** and **DENIES IN PART** Westfield's Motion for Pleadings. [Doc. No. 242]. Because it is redundant of Plaintiffs' Motion for Pro Supp, Westfield may not file its proposed counterclaim/cross-claim for declaratory judgment. Westfield may, however, amend its proposed answer and affirmative defenses to incorporate any facts or matters raised in the proposed counterclaim as it deems necessary. Westfield must file its answer and affirmative defenses by **October 17, 2016**.

In addition, the undersigned acknowledges that the parties have stipulated to case management deadlines to direct dispositive motion practice and any necessary discovery going forward in these proceedings supplemental. The undersigned **RECOMMENDS** that the presiding judge **ADOPT** the parties' requested bifurcated summary judgment procedure, as presented in the parties' Report of Parties' Planning filed on September 12, 2016, in order to

allow the Court to first determine via a summary judgment motion whether the instant proceedings supplemental against the insurance policies issued by Westfield to Will, VIM, and KCI are barred by principles of *res judicata* as the result of the declaratory judgment in Westfield's 2011 Dec Action. Accordingly, the undersigned **RECOMMENDS** that the presiding judge **SET** the following deadlines.

(1) Westfield shall file its *res judicata* motion for summary judgment no later than **October 15, 2016**;

(2) Plaintiffs and Defendants shall file their response in opposition to Westfield's *res judicata* motion for summary judgment, together with any cross-motion for summary judgment, no later than **November 14, 2016**;

(3) Westfield shall file its response in opposition to Plaintiffs' and Defendants' motion for summary judgment, together with any reply brief in support of Westfield's *res judicata* motion for summary judgment, no later than **December 14, 2016**; and

(4) Plaintiffs and Defendant shall file their reply brief in support of their motions for summary judgment no later than **December 29, 2016**.

The undersigned further **RECOMMENDS** that if the proceedings supplemental are not disposed of by the *res judicata* summary judgment motion(s), the parties should be ordered to meet and confer, and submit an Amended Report of Parties' Planning Meeting addressing the issues required under Fed.R.Civ.P. 26(f), as well their proposed timeline for any summary judgment motion addressing Westfield's coverage defenses within **21 days** of this Court's order denying summary judgment.

**SO ORDERED.**

Dated this 3rd day of October, 2016.

S/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge